**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| HECTOR ESTREMERA, SR., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| | ) |
| HERTZMARK, CREAN AND LAHEY, LLP, | ) |
| | ) |
| Defendant | ) |

## COMPLAINT – JURY TRIAL DEMANDED

## PARTIES AND JURISDICTION

1. This is an action by an individual Connecticut consumer to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq*., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), C. G. S. § 42-110a, *et seq*.

2. This Court is a court of competent jurisdiction and has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d).

3. Plaintiff, Hector Estremera, Sr. (or "Plaintiff"), is a natural person residing in the State of Connecticut as of the time of the commencement of this action and was, upon information and belief, a resident of the State of Connecticut at all times relevant hereto.

4. Plaintiff is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

5. Upon information and belief and at all times relevant hereto, the principal purpose of Defendant Hertzmark, Crean, and Lahey, LLP (or "Defendant"), is the collection of debts using the mails, telephone, and civil judicial system in Connecticut.

6. In fact, Defendant regularly engages in the collection of consumer debts in the State of Connecticut, is a debt collector within the meaning of the FDCPA, and its conduct falls within the ambit of the FDCPA.

### FACTUAL ALLEGATIONS

7. Beginning in or around 2013, Defendant initiated a series of collection attempts directed against Hector Estremera, Jr., as a result of an alleged debt allegedly owed to ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital.

8. The alleged debt was not incurred by or owed by Hector Estremera, Sr.

9. At all times relevant hereto, Defendant was aware of the fact that the debt was owed by Hector Estremera, Jr. only and not Hector Estremera, Sr.

10. On or about August, 2013, ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital commenced in action in the Superior Court of Connecticut, Small Claims Session bearing docket number SCC-499448.

11. On or about August 15, 2013, Defendant obtained a Judgment in the small claims action on behalf of ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital in the amount of $1,183.91.

12. Thereafter, on or about August 26, 2014, Defendant forwarded a letter to Hector Estremera, Sr., which was hand-signed by Attorney Karen Lahey, and read as follows: "Enclosed please find a Judgment Lien which we plan on filing on the land records against your property. This Judgment Lien is being filed as a result of your failure to make court ordered payments on the Judgment that was entered against you." Attached hereto and made a part hereof is a true and accurate copy of the letter annexed as Exhibit "**A**."

13. At all times relevant hereto, Defendant was aware of the fact that the debt was owed by Hector Estremera, Jr. only and not Hector Estremera, Sr. Defendant never obtained a Judgment against Hector Estremera, Sr., the named owner of the property, a fact which Defendant was aware of.

14. Several months following Defendant's impermissible collection attempt relative to the Judgment Lien, in or around January, 2015, Defendant continued its campaign of harassment against Plaintiff.

15. Specifically, on or about January 13, 2015, notwithstanding full knowledge that there was no Judgment against Hector Estremera, Sr., Defendant applied for an Application for Wage

Execution, which listed Hector Estremera, Sr.'s employer, Adamsahern Sign Solution, Inc.  Attached hereto and made a part hereof is a true and accurate copy of the Application for Wage Execution annexed as Exhibit "**B**."

16.	The Application for Wage Execution was served upon Hector Estremera, Sr.'s employer, which resulted in embarrassment and public humiliation.

17.	The aforesaid collection activities were within the scope of 15 U.S.C. §1692 a (6).

18.	Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt.  (See, 15 U.S.C. §1692 e (2)(A)).

19.	At the same time, 15 U.S.C. §1692 e, in relevant part, makes it a violation of the FDCPA for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  (See, 15 U.S.C. 1692 e).

20.	Also, 15 U.S.C. §1692 e (5) makes the "threat to take any action that cannot legally be taken or that is not intended to be taken" an FDCPA violation.  (See, 15 U.S.C. 1692 e (5)).

21.	Further, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation.  (See, 15 U.S.C. 1692 e (10)).

22. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, Plaintiff lost wages from employment, lost sleep, suffered headaches, nausea, embarrassment, suffered emotional distress and physical manifestations of emotional distress, and weight loss.

### Claims For Relief

#### I. Defendant's Violation of 15 U.S.C. §1692 e (2)(A)/e (5)

23. Paragraphs 1-22 are re-alleged, as if fully re-stated.

24. Instructively, 15 U.S.C. §1692 e (2)(A), in relevant part, prohibits a debt collector from falsely representing either the character, amount, or legal status of the debt. See, 15 U.S.C. §1692 e (2)(A).

25. 15 U.S.C. §1692 e (5) makes the "threat to take any action that cannot legally be taken or that is not intended to be taken" an FDCPA violation. (See, 15 U.S.C. 1692 e (5)).

26. Beginning in or around 2013, Defendant initiated a series of collection attempts directed against Hector Estremera, Jr., as a result of an alleged debt allegedly owed to ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital.

27. The alleged debt was not incurred by or owed by Hector Estremera, Sr.

28. At all times relevant hereto, Defendant was aware of the fact that the debt was owed by Hector Estremera, Jr. only and not Hector Estremera, Sr.

29. On or about August, 2013, ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital commenced in action in the Superior Court of Connecticut, Small Claims Session bearing docket number SCC-499448.

30. On or about August 15, 2013, Defendant obtained a Judgment in the small claims action on behalf of ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital in the amount of $1,183.91.

31. Thereafter, on or about August 26, 2014, Defendant forwarded a letter to Hector Estremera, Sr., which was hand-signed by Attorney Karen Lahey, and read as follows: "Enclosed please find a Judgment Lien which we plan on filing on the land records against your property. This Judgment Lien is being filed as a result of your failure to make court ordered payments on the Judgment that was entered against you." Attached hereto and made a part hereof is a true and accurate copy of the letter annexed as Exhibit "**A**."

32. At all times relevant hereto, Defendant was aware of the fact that the debt was owed by Hector Estremera, Jr. only and not Hector Estremera, Sr. Defendant never obtained a Judgment against Hector Estremera, Sr., the named owner of the property, a fact which Defendant was aware of.

33. Several months following Defendant's impermissible collection attempt relative to the Judgment Lien, in or around January, 2015, Defendant continued its campaign of harassment against Plaintiff.

34. Specifically, on or about January 13, 2015, notwithstanding full knowledge that there was no Judgment against Hector Estremera, Sr., Defendant applied for an Application for Wage Execution, which listed Hector Estremera, Sr.'s employer, Adamsahern Sign Solution, Inc. Attached hereto and made a part hereof is a true and accurate copy of the Application for Wage Execution annexed as Exhibit "**B**."

35. The Application for Wage Execution was served upon Hector Estremera, Sr.'s employer, which resulted in embarrassment and public humiliation.

36. Defendant's violation of 15 U.S.C. §1692 e (2)(A) and e (5) constituted a violation of the FDCPA.

37. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## II.  Defendant's Violation of 15 U.S.C. § 1692 (e) (10)

38. Paragraphs 1-22 are re-alleged as if fully re-stated.

39. 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt to collect any debt…" an FDCPA violation.  (See, 15 U.S.C. 1692 e (10)).

40. Beginning in or around 2013, Defendant initiated a series of collection attempts directed against Hector Estremera, Jr., as a result of an alleged debt allegedly owed to ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital.

41. The alleged debt was not incurred by or owed by Hector Estremera, Sr.

42. At all times relevant hereto, Defendant was aware of the fact that the debt was owed by Hector Estremera, Jr. only and not Hector Estremera, Sr.

43. On or about August, 2013, ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital commenced in action in the Superior Court of Connecticut, Small Claims Session bearing docket number SCC-499448.

44. On or about August 15, 2013, Defendant obtained a Judgment in the small claims action on behalf of ECHN D/B/A Manchester Memorial Hospital and Rockville General Hospital in the amount of $1,183.91.

45. Thereafter, on or about August 26, 2014, Defendant forwarded a letter to Hector Estremera, Sr., which was hand-signed by Attorney Karen Lahey, and read as follows: "Enclosed please find a Judgment Lien which we plan on filing on the land records against your property.  This Judgment Lien is being filed as a result of your failure to make court ordered payments on the

Judgment that was entered against you." Attached hereto and made a part hereof is a true and accurate copy of the letter annexed as Exhibit "**A**."

46. At all times relevant hereto, Defendant was aware of the fact that the debt was owed by Hector Estremera, Jr. only and not Hector Estremera, Sr. Defendant never obtained a Judgment against Hector Estremera, Sr., the named owner of the property, a fact which Defendant was aware of.

47. Several months following Defendant's impermissible collection attempt relative to the Judgment Lien, in or around January, 2015, Defendant continued its campaign of harassment against Plaintiff.

48. Specifically, on or about January 13, 2015, notwithstanding full knowledge that there was no Judgment against Hector Estremera, Sr., Defendant applied for an Application for Wage Execution, which listed Hector Estremera, Sr.'s employer, Adamsahern Sign Solution, Inc. Attached hereto and made a part hereof is a true and accurate copy of the Application for Wage Execution annexed as Exhibit "**B**."

49. The Application for Wage Execution was served upon Hector Estremera, Sr.'s employer, which resulted in embarrassment and public humiliation.

50. Defendant's conduct, in failing to adhere to the tenets of 15 U.S.C. §1692 e (10) constituted a violation of the FDCPA.

51. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### III. Defendant's Violation of the Connecticut Unfair Trade Practices Act

52. Paragraphs 1-22 are re-alleged as if fully re-stated.

53. Defendant's actions constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

54. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

55. Simply, the Defendant engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

56. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

57. By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

WHEREFORE, the Plaintiff respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq*., as amended;
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7. An award of punitive damages.
8. Damages pursuant to the Connecticut Unfair Trade Practices Act.
9. Such other and further relief as the Court deems just;

>THE PLAINTIFF,
>HECTOR ESTREMERA, SR.
>
>By:   _ct29447_____
>Roderick D. Woods, Esq.
>
>The Woods Law Firm, LLC
>100 Pearl Street
>Fourteenth Floor
>Hartford, Connecticut 06103
>(860) 549-6275 (Tel.)
>(860) 371-3242 (Fax)
>CT Federal Bar No. ct29447
>rwoods@rdw-law.com